NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| U.S. TRUST CORP., | : | |
| Plaintiff, | : | Civ. No. 04-2823 |
| v. | : | **MEMORANDUM OPINION** |
| ASHTON HARVEY, *et al.*, | : | |
| Defendants. | : | |

This matter comes before the Court upon: (1) plaintiff U.S. Trust Corporation's ("U.S. Trust") motion to dismiss and for summary judgment as to the counterclaim of defendant Jamison, Eaton and Wood ("Jamison"); and (2) the joint motion of defendants Ashton Harvey; Edward P. Bromley, Jr.; Alan Moucha; George DeCesare ("Individual Defendants"); and Jamison (referred to collectively with Individual Defendants as "Defendants") for summary judgment. The Court decided the motions based on the parties' written submissions without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, U.S. Trust's motion to dismiss the counterclaim is granted and Defendants' motion for summary judgment is denied.

**I. BACKGROUND**

The facts of this dispute can be generally summarized as arising from the departure of the Individual Defendants as employees of U.S. Trust, a national financial services organization based in New York City, to defendant Jamison, an independent asset management firm based in Chatham. U.S. Trust claimed that the Individual Defendants engaged in a conspiracy to pirate millions of

dollars of U.S. Trust's client assets to launch a new Jamison office in Princeton.

On June 18, 2004, U.S. Trust filed a complaint against defendants Harvey, Bromley, and Jamison, alleging charges of misappropriation of trade secrets, aiding and abetting a breach of fiduciary duty, unfair competition, impairment of good will sold and breach of implied covenant of good faith and fair dealing, aiding and abetting a breach of implied covenants, interference with prospective business relations, breach of contract, interference with contract, and a breach of fiduciary duty.

On August 6, 2004, defendants Harvey and Bromley filed an answer. Also on that date, Jamison filed an answer and counterclaim alleging that U.S. Trust violated the professional relationship between Jamison and U.S. Trust wherein U.S. Trust provided custodial services for clients receiving investment management or fiduciary services from Jamison. On March 28, 2005, U.S. Trust filed the first amended complaint adding defendants Moucha and DeCesare to several of the counts of the initial complaint and adding a separate breach of contract claim against those defendants. On August 9, 2005, U.S. Trust filed a second amended complaint against Defendants. On August 24, 2005, Jamison filed an answer to the Second Amended Complaint that again included the counterclaim. On that same date, the Individual Defendants filed an answer to the Second Amended Complaint.

On September 9, 2005, U.S. Trust filed a motion to dismiss and for summary judgment as to the counterclaim of Jamison. Defendants filed a joint motion for summary judgment on that same date.

**II. STANDARDS**

    A.  <u>Standard for Summary Judgment</u>

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>see</u> also <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Orson, Inc. v. Miramax Film Corp.</u>, 79 F.3d 1358, 1366 (3d Cir. 1996); <u>Healy v. New York Life Ins. Co.</u>, 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), <u>cert</u>. <u>denied</u>, 490 U.S. 1098 (1989); <u>Hersh v. Allen Prods. Co.</u>, 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986)(noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986); <u>Pennsylvania Coal Ass'n v. Babbitt</u>, 63 F.3d 231, 236 (3d Cir. 1995); <u>Hancock Indus. v. Schaeffer</u>, 811 F.2d 225, 231 (3d Cir. 1987).

    Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The rule does not increase or decrease a party's ultimate burden of proof on a claim. Rather, "the determination of whether a given factual dispute requires submission to a jury

must be guided by the substantive evidentiary standards that apply to the case." Anderson, 477 U.S. at 255.

Under the rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the nonmoving party has provided evidence to show that a question of material fact remains. See Celotex, 477 U.S. at 324. Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," id. at 322 n.3, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted); see also Anderson, 477 U.S. at 247-48 (stating that "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.").

What the nonmoving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; see also Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990)(stating that "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993)(stating that "[t]o raise a genuine issue of material fact, . . . the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the 'mere scintilla' threshold and . . . offer[] a genuine issue of material fact.").

4

The Local Rules supplement the Federal Rules and provide that "each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue." L. Civ. R. 56.1. "Where possible, a single joint Rule 56.1 statement is favored." Allyn Z. Lite, New Jersey Federal Practice Rules 192 (2006 ed.)(citations omitted). "Where a joint statement is not prepared, then, under the rule, 'facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted.'" Id. at 193 (citations omitted). However, "the parties' L. Civ. R. 56.1 statements cannot bind the Court if other evidence establishes that the stipulated facts are in error." Id. (citation omitted).

B.  Standard for a Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. Oran v. Stafford, 226 F.3d 275, 279 (3d Cir. 2000); Langford v. City of Atlantic City, 235 F.3d 845, 850 (3d Cir. 2000); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986). The Court may not dismiss a complaint unless plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir.), cert. denied, 474 U.S. 935 (1985). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Under Rule 12(b)(6), the Court must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Turbe v. Government of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)(citing Unger v. Nat'l Residents Matching Program,

5

928 F.2d 1392, 1394-95 (3d Cir. 1991)); see also Langford, 235 F.3d at 850; Dykes v. Southeastern Pa. Transp. Auth., 68 F.3d 1564, 1565 n.1 (3d Cir. 1995), cert. denied, 517 U.S. 1142 (1996); Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). A complaint may be dismissed for failure to state a claim where it appears beyond any doubt "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citation omitted).

A complaint should not be dismissed unless it appears beyond doubt that "the facts alleged in the complaint, even if true, fail to support the . . . claim . . . ." Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). Legal conclusions made in the guise of factual allegations, however, are given no presumption of truthfulness. Papasan v. Allain, 478 U.S. 265, 286 (1986)(citation omitted); see also Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (stating that "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.")(citations omitted)).

## III. ANALYSIS

### A. Jamison's Counterclaim Fails to State a Claim on Which Relief Could be Granted

U.S. Trust moved to dismiss and for summary judgment as to the counterclaim of Jamison, which asserted that U.S. Trust's "action in refusing to accept new custodial accounts [for clients receiving services from Jamison] was taken with the intent to injure Jamison" and was "willful, wanton, and malicious." (See Jamison's Second Am. Ans. at 10-11.) U.S. Trust asserts that the allegations in the counterclaim fail to identify the duty on which its claims are based and that it thus

fails to state a claim for relief and should be dismissed under Federal Rule of Civil Procedure 12(b)(6). (Pl.'s Br. at 6.) Additionally, U.S. Trust asserts that the counterclaim fails as a matter of law, warranting summary judgment on the matter, because U.S. Trust had no duty to provide custody services for Jamison's clients. (Pl.'s Br. at 8.)

Jamison counters that U.S. Trust is liable for malicious refusal to deal and therefore U.S. Trust's motion should be denied. (See Def.'s Br. at 3-7.) Jamison cites a decision of the New Jersey state court, Van Natta Mech. Corp. v. DiStaulo, 277 N.J. Super. 175 (N.J. Super. Ct. App. Div. 1994), as the primary authority in support of its argument. (See Def.'s Br. at 3-7.) U.S. Trust's reply brief argues that Van Natta is distinguishable and that Jamison failed to initially identify a legal theory on which the counterclaim is based and is therefore delinquent in doing so now. (See Pl.'s Reply Br. at 1-2.)

Were the Court to accept Jamison's attempt in its opposition papers to cast U.S. Trust's action as a malicious refusal to deal, Jamison's cited authority explicitly states that "there is no New Jersey decision or settled body of law elsewhere which would support a cause of action solely for a malicious failure to deal commercially with another, whether the malice is directed at the other contracting party or a third party."[1] Van Natta, 277 N.J. Super. at 185. On the contrary, such a claim might arise where the refusal to deal implicates settled public policy of the State or a criminal act. Id. Here, however, Jamison has not alleged either of those instances.

Pursuant to the standard cited above, taking the facts in the counterclaim to be true, those facts fail to state a claim upon which relief could be granted. Therefore, Jamison's counterclaim is

---

[1] Furthermore, the Court is unaware of any such developments in the law since that case was decided.

dismissed.

  B. <u>Genuine Issues of Material Fact Preclude the Granting of Summary Judgment</u>

  Defendants jointly seek summary judgment on U.S. Trust's Second Amended Complaint, wherein the ten counts allege claims against various combinations of some or all Defendants. U.S. Trust and Defendants both submitted statements of undisputed material facts pursuant to Local Civil Rule 56.1. A comparison of the respective statements, in addition to the briefs in support of and in opposition to the motion, demonstrates several issues of material fact that preclude the Court from granting summary judgment.

  The following examples, although not exhaustive, are illustrative of the genuine issues of material fact present in this matter. First, Defendants allege that none of the Defendants misappropriated trade secrets from U.S. Trust. (<u>See</u> Defs.'s Br. at 30-41.) In contrast, U.S. Trust contends that the Individual Defendants, and ultimately Defendants as a whole, misappropriated trade secrets. (<u>See</u> Pl.'s Br. at 28-35.) Additionally, there is a dispute as to what was a trade secret and whether it was known to be a trade secret. (<u>See</u> Pl.'s Br. at 31-32; Defs.' Br. at 31-35.) Therefore, the existence and alleged misappropriation of trade secrets is clearly in dispute and precludes the granting of summary judgment on the matter.

  Next, with respect to the Non-Solicitation Agreements signed by defendants Moucha and DeCesare, U.S. Trust asserts that Moucha and DeCesare breached the Agreements by soliciting U.S. Trust clients through agents. (<u>See</u> Pl.'s Br. at 52-53.) However, Defendants contend that no solicitation occurred directly or through proxies and thus the Agreements were not breached. (<u>See</u> Defs.' Br. at 75-78.) Therefore, the facts surrounding the alleged solicitation of U.S. Trust clients in violation of the Non-Solicitation Agreements are triable issues of fact as contemplated by the

standard above.

Finally, the parties differ as to whether the Individual Defendants conspired to leave their employment at U.S. Trust and, through their actions in that endeavor, committed a breach of their fiduciary duty to U.S. Trust. Defendants allege that the Individual Defendants merely planned for their future employment, but engaged in no subterfuge and disclosed no confidential information. (See Defs.' Br. at 81-89.) U.S. Trust, however, contends that the Individual Defendants, inter alia, misappropriated U.S. Trust's confidential information, targeted their client base, and plotted means to circumvent the Non-Solicitation Agreements. (See Pl.'s Br. at 35-41.) The dispute as to the occurrence of these alleged acts presents genuine issues of material fact that preclude the granting of summary judgment on the matter.

As noted above, the Court finds genuine issues of material fact beyond those specifically mentioned sufficient to preclude the Court from granting judgment as a matter of law. Furthermore, many of the issues are with respect to material facts identified in the Second Amended Complaint as common to all counts. Therefore, Defendants' joint motion for summary judgment is denied as to all counts of the Second Amended Complaint.

## IV.  CONCLUSION

For the reasons stated herein, U.S. Trust's motion to dismiss the counterclaim is granted and Defendants' joint motion for summary judgment is denied.  An appropriate form of order accompanies this Memorandum Opinion.


Dated: January 17, 2006

                                                                                                      s/ Garrett E. Brown, Jr.
                                                                                                   GARRETT E. BROWN, JR., U.S.D.J.